IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILLY G. ASEMANI, # 339-096  \*

Plaintiff  \*

v  \*   Civil Action No. RDB-12-729

G.L. HERSHBERGER, Warden  \*

Defendant  \*

## MEMORANDUM OPINION

Billy G. Asemani, an inmate at Western Correctional Institution, claims that G. L. Hershberger, Warden at the Roxbury Correctional Institution, is "actively involved in violating Asemani's civil right to be in pursuit of a complaint." Complaint, p. 2. Asemani will be granted leave to proceed in forma pauperis for the purpose of preliminary review. The Complaint will be dismissed for failure to state a claim.[1]

### I.   BACKGROUND

Asemani is housed at Western Correctional Institution where he is in protective custody status. He claims that he is in imminent danger of serious physical injury if Warden Hershberger's "retaliatory actions" against him are successful. Complaint, p. 2. Asemani claims Warden Hershberger unlawfully retaliated against him for filing federal civil rights cases[2] by

---

[1] Plaintiff is reminded that he has already been assigned two "strikes" under 28 U.S.C. § 1915(g). *See Asemani v. Napolitano,* Civil Action No. RDB-10-1029, *(*D. MD.) and *Asemani v. Maynard, et al.,* RDB-11- 869. If he continues to file frivolous complaints, he will be assigned a third "strike" which will affect his ability to proceed in forma pauperis in future civil actions.

[2] *See Asemani v. Hershberger*, Civil Action No. RDB-11-2377; *Asemani v. Hershberger*, RDB-11-2676; *Asemani v. Hershberger*, Civil Action No. RDB-11-2677. Each case was dismissed upon separate Motions for Voluntary Dismissal filed by Plaintiff.

submitting a letter to the District Court for Allegany County in Civil Case C-11-36409, *Asemani v. Anderson*. In that case, Asemani is suing another inmate, Leighton Anderson, for damages arising from an alleged assault that occurred while both were housed at Roxbury Correctional Institution. Complaint, p. 1. Warden Hershberger, who is not a party in the state case, asserted in his letter that Asemani has a history of fabricating accusations. Complaint, Attachment, p. 5. Asemani argues that Warden Hershberger's "improper attempts at discrediting Asemani, if remained unchecked, will result in his removal from Protective Custody status" and subject him to imminent danger of serious physical injury…." Complaint, p. 2. He asks that Warden Hershberger be found to have violated his civil rights. Complaint, p. 3.[3]

## II.     STANDARD OF REVIEW

This Court must dismiss any action filed by a prisoner if the action 1) "is frivolous" or 2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory" or claims where the " 'factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). Whether "factual contentions are clearly baseless" is evaluated under standard for a motion to dismiss under Fed.R.Civ.P. 12(b) (6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b) (6). "[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v.*

---

[3] Asemani alleges without any factual predicate that Warden Hershberger blocks service of process of pleadings on inmate Anderson. Asemani also claimed Warden Hershberger blocked access to state court in *Asemani v. Hershberger*, Civil Action No RDB-11-2677. Asemani later moved to Voluntarily dismiss the case.

*City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted). When ruling on such a motion, the Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir.2009).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, Plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." Id. (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 2009) (quoting Fed.R.Civ.P. 8(a)(2)).

While the Court liberally construes pro se complaints, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the Complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). Even when afforded liberal construction, Asemani's Complaint offers no basis for

federal liability. Asemani's "[t]hreadbare recitals" of the elements of a cause of action, supported by mere conclusory statements, are insufficient to constitute a basis for liability. *See Iqbal*, 129 S. Ct. at 1949.

### III.   DISCUSSION

Although Asemani suggests Warden Hershberger has violated his right of access courts, his conclusory allegations lack substantiation and are controverted by his case filings. Asemani, a frequent self-represented litigator in this court as well as others, successfully brought court proceedings during the time he was incarcerated at RCI and in Warden Hershberger's custody. He may not convert what is essentially a complaint sounding in state court law to a federal claim. Asemani is no longer in Warden Hershberger's custody and he fails to explain how Defendant is thus able to hinder his access to the courts. Further, Asemani fails to allege that he has failed to meet a filing deadline or otherwise suffered injury as a result of Warden Hershberger's alleged conduct. If Asemani, however, wants to challenge Warden Hershberger's characterization of his complaints and accusations as "fabricated," he may do so in the appropriate state forum.[4]

Asemani's argument of imminent danger and harm is based on conjecture. First, Asemani is in protective custody at Western Correctional Institution, a facility over which Warden Hershberger does not exercise authority. Second, Asemani provides no factual substantiation that Warden Hershberger wants him transferred from protective status or that such a move if realized would result in imminent harm. Lastly, Asemani provides no nexus between Warden Hershberger's letter and his allegations of imminent danger. To the extent Asemani wants emergency injunctive relief, he fails to show that he is likely to succeed on the merits or suffer irreparable harm in the absence of preliminary relief. *See Winter v. Natural Resources*

---

[4] This Court expresses no opinion as to the merits of such a claim.

*Defense Council, Inc.*, __ U.S. __, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).  Asemani's attempt to bootstrap a federal cause of action here borders on the frivolous.

## IV.     CONCLUSION

For these reasons, the Court will dismiss and close this case.  A separate Order follows.


<u>March 13, 2012</u>                                                   _____/s/_____
Date                                                                             RICHARD D. BENNETT
                                                                                 UNITED STATES DISTRICT JUDGE